UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY ALLEN PRESSLER,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>ELKO COUNTY JAIL, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.  3:19-cv-00163-MMD-CLB<br><br>ORDER |

**I.     DISCUSSION**

On April 15, 2021, the Court issued a screening order on Plaintiff's first amended complaint. (ECF No. 15.)  The screening order allowed the following colorable claims to proceed: Plaintiff's Fourteenth Amendment claim of inadequate medical care in Count I against Defendants Eden, Silva, Lespade, and Smith; Plaintiff's Fourteenth Amendment conditions of confinement claim in Count II against Defendant Silva; Plaintiff's Fourteenth Amendment claim of inadequate medical care in 2016 in Count III against Defendant Silva; Plaintiff's Fourteenth Amendment claim of inadequate medical care in 2018 in Count III against Defendant Silva; Plaintiff's Fourteenth Amendment claim in Count IV that he was subjected to unwanted medical treatment against Defendant Gallagher; and Plaintiff's Fourteenth Amendment claim of inadequate medical care in Count V against Defendant Silva.  (*Id.* at 17-18.)  Plaintiff's remaining claims, and the other Defendants, were dismissed without prejudice.  (*Id.* at 18.)

The Court gave Plaintiff leave to file a second amended complaint within 30 days. (*Id.* at 18-19.)  The Court specifically stated that if Plaintiff chose not to file a second amended complaint, the action would proceed on the colorable claims in the first amended complaint, as identified in the Court's screening order.  (*Id.* at 19.)  On April 19, 2021, Plaintiff filed a motion requesting an extension to file a second amended complaint. (ECF No. 16.)  The Court granted the request for an extension and gave Plaintiff until July 15, 2021, to file a second amended complaint.  (ECF No. 17.)  Plaintiff has not filed a

1

second amended complaint. Accordingly, this action will proceed on the colorable claims in the first amended complaint, as identified in the screening order.

Plaintiff's application to proceed *in forma pauperis* is granted. (ECF No. 1). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

It is further ordered that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Elko County Detention Center will forward payments from the account of **Tony Allen Pressler, #228818** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If Plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the Elko County Detention Center Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk will send a copy of this order to the **Elko County Detention Center Accounting Supervisor, 775 W. Silver Street Elko, NV 89801**.

It is further ordered that pursuant to the Court's screening order (ECF No. 15), this action will proceed on the following claims in Plaintiff's first amended complaint: Plaintiff's Fourteenth Amendment claim of inadequate medical care in Count I against Defendants Eden, Silva, Lespade, and Smith; Plaintiff's Fourteenth Amendment conditions of confinement claim in Count II against Defendant Silva; Plaintiff's Fourteenth Amendment claim of inadequate medical care in 2016 in Count III against Defendant Silva; Plaintiff's Fourteenth Amendment claim of inadequate medical care in 2018 in Count III against Defendant Silva; Plaintiff's Fourteenth Amendment claim in Count IV that he was subjected to unwanted medical treatment against Defendant Gallagher; and Plaintiff's Fourteenth Amendment claim of inadequate medical care in Count V against Defendant Silva.

IT IS FURTHER ORDERED that the Clerk of Court **WILL ISSUE** summonses for Defendants Silva, Troy Eden, Lespade, Smith, and Morris Gallagher, **AND DELIVER THE SAME**, to the U.S. Marshal for service. The Clerk **WILL SEND** to Plaintiff **five (5)** USM-285 forms. The Clerk also **WILL SEND** sufficient copies of the first amended complaint (ECF No. 14) and this order to the U.S. Marshal for service on Defendant(s). Plaintiff will have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form. Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

IT IS FURTHER ORDERED that henceforth, Plaintiff will serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff will

include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED THIS __18th__ day of August 2021.

_____
United States Magistrate Judge